IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ANTWANN L. TIGNER,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2854

Opinion filed October 20, 2017.

An appeal from the Circuit Court for Duval County.
Angela M. Cox, Judge.

Antwann L. Tigner, pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      AFFIRMED.

WOLF and WINOKUR, JJ., CONCUR; B.L. THOMAS, C.J., SPECIALLY CONCURS WITH OPINION.

B.L.THOMAS, C.J., SPECIALLY CONCURRING.

Appellant rejected the State's plea offer of two years in state prison for the offense of burglary of a dwelling. Relying on the inaccurate and misleading advice of counsel, who informed Appellant he was likely to receive a similar sentence if he entered an open guilty plea, Appellant pled guilty to the offense and was informed by the trial court that he could impose a sentence of up to fifteen years in state prison. At a later sentencing hearing, rather than imposing a similar or more-lenient sentence, despite the State's unchanged position in recommending a similar sentence to the trial court, and despite that Appellant, who was then 20 years old, had no felony record, the trial court imposed a sentence of *twelve years* in state prison.

I must join in affirming the denial of relief, because Appellant cannot show that the trial judge would have accepted the two-year prison sentence offered by the State which Appellant rejected. *See Alcorn v. State,* 121 So. 3d 419, 422 (Fla. 2013) (holding that to prove ineffectiveness where defendant rejected plea offer upon advice of counsel, defendant must show he would have accepted the offer had counsel advised correctly, the State would not have withdrawn its offer, the court would have accepted the offer, and the resulting sentence would have been less severe). But defense counsel ill served Appellant by failing to advise him that

by rejecting the State's plea offer, he was likely to receive a harsher sentence, which he did.

While it was obviously Appellant's decision to reject the State's plea offer, because he did not want to serve *any* prison time, defense counsel should have warned Appellant, in the firmest manner possible, that by rejecting the State's plea offer, Appellant was very likely to receive a harsher sentence. To advise a criminal defendant that a trial court would ordinarily give a defendant the same or similar sentence which the defendant had just rejected in a plea offered by the State is simply not accurate legal advice, without some objective basis in fact or law.